United States District Court
Southern District of Texas
**ENTERED**
August 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANITRA CARTER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| BAYVIEW LOAN SERVICING LLC, § | |
| AMERICA'S WHOLESALE LENDER § | CIVIL ACTION NO. 4:18-CV-00822 |
| and G. TOMMY BASTIAN, as Trustee or § | |
| Substitute Trustee, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND

Before the Magistrate Judge upon referral from the District Judge for a Memorandum and Recommendation is Plaintiff's Motion to Remand (Document No. 6 and 7). Having considered the motion, the Response in opposition (Document No. 8), and the parties' documentary submissions and affidavits, the Magistrate Judge RECOMMENDS, for the reasons set forth below, the Plaintiff's Motion to Remand be DENIED.

**I. Procedural History**

*Pro se* Plaintiff Anitra Carter ("Plaintiff") initiated this lawsuit in the 113th Judicial District of Harris County, Texas, on March 2, 2018, seeking to preclude foreclosure of the property located at 6907 Plum Creek Trail Lane, Houston, Texas 77087 (the "Property"). Plaintiff alleges, essentially, that Bayview Loan Servicing LLC ("Bayview") lacks standing to foreclose, that a notice of default was not provided to her, and that the Deed of Trust is invalid. Plaintiff asserts causes of action for violation of the Texas Deceptive Trade Practices Act, fraud,

breach of fiduciary duty, and conspiracy. The loan central to Plaintiff's allegations originated in 2007, while non-judicial foreclosure proceedings began in 2018.

Bayview timely removed the case to this court on March 15, 2018, asserting diversity jurisdiction based on 28 U.S.C. §§ 1332(a), 1441, and 1446. According to Bayview's Notice of Removal, there is complete diversity among defendants, as the trustee was improperly joined and his citizenship should therefore be disregarded, and the amount in controversy exceeds the jurisdictional minimum. (Document No. 8). Plaintiff, in her timely amended Motion to Remand, argues complete diversity does not exist because Bayview, along with Plaintiff, are Texas citizens. (Document No. 9). Plaintiff also argues that diversity jurisdiction is not proper because (i) complete diversity does not exist as there is no improper joinder; (ii) the notice of removal must be strictly construed against movant and thus remand is proper; (iii) the Defendant submitted to state court jurisdiction by initiating foreclosure proceedings in a state forum; (iv) Defendant is required to prove that jurisdiction exists and it has not done so; (v) Defendant includes issues of material fact in its Notice of Removal; (vi) there is no federal question jurisdiction present; (vii) the Court's analysis should be focused on state pleading standards instead of federal pleading standards; (viii) the Notice of Removal is defective because of lack of notice and thus violates Plaintiff's due process rights; and (ix) the prior exclusive doctrine applies. (*Id.*). As a result, Plaintiff maintains that the Court lacks subject matter jurisdiction over this case, and that the case should be remanded to state court.

## II. Standard of Review

Federal district courts are courts of limited jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Absent jurisdiction granted by the Constitution and federal statute, federal district courts lack the authority necessary to adjudicate claims. *Veldhoen v. U.S. Coast Guard*,

35 F.3d 222, 225 (5th Cir. 1994). Federal subject matter jurisdiction is limited to the following instances: (i) cases where the amount in controversy threshold is met and diversity of citizenship exists; or (ii) cases involving a federal question, meaning the claims (arise under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331, 1332.

To determine whether diversity jurisdiction exists, two requirements must be met: (1) complete diversity of citizenship from Plaintiff and (2) the amount in controversy must exceed $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(a), 1441 (a). When determining whether complete diversity exists, courts will consider the citizenship of all properly joined parties and not simply the citizenship of the parties who are indispensable under Rule 19. Fed. R. Civ. P. 19.

The burden of establishing federal jurisdiction is on the party seeking removal. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995); *Black v. Xpress Global Sys., Inc.*, 2009 WL 3834419 at 2 (S.D. Tex. Nov. 12, 2009) (citing *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F.Supp. 339, 340 (S.D.Tex.1996). Therefore, in this case, Defendant has the burden of proving the existence of diversity jurisdiction. "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). Failure of the Defendant to establish subject matter jurisdiction provides grounds for remand. *See* U.S.C. § 1447 (c).

**III. Discussion**

Plaintiff argues that there is not complete diversity because she is a Texas citizen, and Defendant G. Tommy Bastian, is as well. Defendants counter that Defendant Bastian's citizenship should be disregarded because he was improperly joined.

## A. Complete diversity exists as there was an improper joinder of Trustee.

The citizenship for diversity purposes of any party that is joined improperly should be disregarded. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Improper joinder is established by showing that a plaintiff cannot establish a cause of action against the non-diverse defendant. *Larroquette*, 466 F.3d at 376. The court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.* A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal on such non-diverse party. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 N. 4 (5th Cir. 2000). Instead, the plaintiff must state "specific actionable conduct" sufficient to sustain a cause of action against a non-diverse defendant. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

"[C]ourts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056 at *2 (W.D. Tex. May 13, 2014). In addition, a trustee named solely in their capacity under a deed of trust of security instrument is not necessarily a party in a suit to prevent foreclosure and, when named solely in an action to enjoin foreclosure, does not affect diversity jurisdiction with their presence. *See Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135 at *4 (W.D. Tex. July, 5, 2011); *see also Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883 at *3.

Here, Defendant Bastian's citizenship should be disregarded for diversity jurisdiction purposes because Plaintiff has not stated a plausible claim against him. The Texas Property Code provides a safe harbor for both trustees and substitute trustees acting in good faith, *See* Tex.

Prop. Code § 51.007(f), and Plaintiff does not allege the Trustee (Defendant Bastian) acted in bad faith, it is unlikely the cause of action against Trustee will be sustained. *Williams v. Wells Fargo Bank*, 4:13-CV-825, 2014 WL 1024003 at 5 (S.D. Tex. March 13, 2014) (citing *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843 at 5 (S.D. Tex. Dec. 20, 2013). Moreover, where a plaintiff does not allege bad faith on behalf of the trustee, courts have routinely held that the trustee was improperly joined for the purposes of diversity jurisdiction, as a cause of action against them could not be sustained. *Williams*, 2014 WL 1024003 at 5; *see Rojas v. Wells Fargo Bank N.A.*, 571 F. App'x. 274, 277 (5th Cir. 2014) (holding that the substitute trustee "was improperly joined because the Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors" and plaintiff did not allege bad faith and thus no reasonable claim for which relief can be granted) (citing Tex. Prop. Code § 51.007(f)). Because Plaintiff has not alleged any bad faith on the part of the Trustee. (Document 1 at 6), she has not stated a plausible claim against him and his citizenship should be disregarded.

Plaintiff is a citizen of Texas, as she is domiciled in Texas and has a fixed residence. *Margestis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962 at 3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). American Wholesale Lender, the trade name for Countrywide Home Loans, Inc., ("Countrywide") is incorporated in New York with a principle place of business in California, making it a citizen of New York and California. *See* 28 U.S.C. § 1332(c)(1). Bayview is a limited liability corporation, thus its member's citizenship make-up its citizenship for diversity purposes. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). While Plaintiff identifies a list of some individuals—who may or may not be—acting as various officers and directors of Bayview (e.g. president, secretary, chief financial officer, etc.), they are not the members of Bayview from

whom its citizenship is determined. (Document 7); (Document 8 at 5 f.n. 4). Bayview's sole managing member is Bayview Asset Management, LLC ("BAM"), a Delaware limited liability corporation. (Document 8 at 5). BAM's sole member is Bayview Asset Management Holdings, LLC ("BAMH"), also a Delaware limited liability corporation. (*Id.*). BAMH's members are (1) Bayview Financial Holdings, L.P. ("BFH"), whose partners are citizens of Delaware and Florida, and (2) Bayview Financial Management Corp. ("BFC"), which is a Delaware corporation with a principal place of business in Florida. (*Id.*). The properly joined parties are diverse.

In addition, the amount in controversy for diversity jurisdiction purposes has been met. The current tax value of the property at $155,000, and Plaintiff is seeking actual damages in excess of $1,000,000 and attorney's fees. (Ex. E); (Ex. D-2).

As the parties are completely diverse and the amount in controversy is in excess of $75,000, diversity jurisdiction exists and removal on that basis was proper.

**B. Plaintiff's other arguments for remand are meritless.**

In support of her Motion to remand, Plaintiff additionally argues: (i) the notice of removal must be strictly construed against movant and thus remand is proper; (ii) the Defendant submitted to state court jurisdiction by initiating foreclosure proceedings in a state forum; (iii) that Defendant is required to prove that jurisdiction exists and it has not done so; (iv) Defendant includes issues of material fact in its Notice of Removal; and (v) there is no federal question jurisdiction present; (vi) the prior exclusive doctrine applies. Each of these arguments is meritless.

First, while removal statutes are strictly construed as a means to restrict removal and there is a presumption in favor of remanding an action should the existence of federal subject

matter jurisdiction not be clear. *Shamrock Oil & Gas Corp. v. Streets*, 313 U.S. 100 (1921); *Burns v. Windsor Ins. Co.*, 264 F.3d 1095 (Fed. Cir. 2001).

Here, there is no ambiguity about the Court's diversity jurisdiction. As such, Plaintiff's arguments in favor of a presumption of remand have no applicability.

Second, while Plaintiff argues that defendants submitted to state court jurisdiction and that Defendants' change in counsel, without notice, somehow violated her constitutional due process rights, it was Plaintiff who filed this lawsuit in state court in response to Defendants' assertion of its right to non-judicial foreclosure. (*Id.*). In addition, the record shows that the new counsel identified prior to removal. (Ex. D-2).

Third, as set forth above, Defendant has proven both requirements for diversity jurisdiction and has thus proven that federal subject matter jurisdiction exists in this suit.

Fourth, despite Plaintiff's arguments to the contrary, there are no factual disputes about the parties' citizenship, corporate or otherwise.

Fifth and finally, the prior exclusive doctrine does not apply. Under the prior exclusive doctrine, when the court is exercising *in rem* jurisdiction over a res, a second court will not assume *in rem* jurisdiction over the same res." *See Marshall v. Marshall*, 547 U.S. 293 (2006); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1992). "[T]he primary purpose of this doctrine is to prevent jurisdictional disputes brought about as a result of *multiple concurrent proceedings*." *Id.* (emphasis in original). However, when a case is removed to federal court, "there are not concurrent proceedings. The removal action takes the case from the state court and places it in the federal court." *Id.* "Because the state court no longer has jurisdictional over the case, there is no jurisdictional conflict for the law to avoid or resolve." *Id.* Because this case was removed

from state court and there are no longer any state court proceedings, the prior exclusive doctrine simply does not apply.

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that diversity jurisdiction exists between Plaintiff and Defendants and that Plaintiff's other arguments for challenging Defendant's removal are meritless, it is

RECOMMENDED that Plaintiff's Motion to Remand (Document No. 6 and 7) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72 (b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en blanc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court.

Signed at Houston, Texas, this 27th day of August 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE