United States District Court
Southern District of Texas
**ENTERED**
June 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANITRA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-822 |
| | § | |
| BAYVIEW LOAN SERVICING LLC, | § | |
| AMERICA'S WHOLESALE LENDER and | § | |
| G. TOMMY BASTIAN, as Trustee or | § | |
| Substitute Trustee, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Bayview Loan Servicing, LLC's ("Bayview") Motion to Dismiss (Document No. 32), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Document No. 35). Defendants, through their respective motions, seek dismissal of all of Plaintiff's claims because Plaintiff fails to allege sufficient facts to state a plausible cause of action against Defendants Bayview and MERS upon which relief can be granted. Plaintiff has responded to the motions. (Document No. 36, 38), to which Defendants have replied. (Document Nos. 37, 40). Defendants have also filed a Motion to Abate Proceedings Pending Ruling on Motion to Dismiss. (Document No. 45). Plaintiff has not responded to the motion. Having considered the Motions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant Bayview's and MERS's Motions to Dismiss both be GRANTED, and the Joint Motion to Abate Proceedings be DENIED as MOOT.

I. Background and Allegations in Amended Complaint

On March 2, 2018, Plaintiff Anitra Carter ("Carter" or "Plaintiff"), proceeding pro se, filed her Original Petition ("the Petition") in the 113th Judicial District Court of Harris County, Texas, Cause No. 2018-14159 (the "State Court Action"), seeking to preclude foreclosure of the property located at 6907 Plum Creek Trail Lane, Houston, Texas 77087 (the "Property"). (Defendant's Notice of Removal, Document No. 1-5). On March 15, 2018, Defendant Bayview timely removed the Action to this Court on the basis of diversity jurisdiction. (Document No. 1). On December 6, 2018, Plaintiff filed an "Original Petition Amended" (the "Amended Complaint"). (Document No. 31). In her Amended Complaint, Plaintiff alleges that, on or about February 15, 2007, Plaintiff executed a Note ("Note") and Deed of Trust ("Deed of Trust") in the amount of $155,920.00 from America's Wholesale Lender to purchase the Property. Amended Complaint (Document No. 31, ¶ 17).[1] She further alleges that she "faithfully" made payments to Countrywide Home Loans, Inc. and Bank of America Home Loans, Inc. until she "began receiving billing statements from Bayview Loan Servicing, LLC." Amended Complaint (Document No. 31, ¶¶18-21). With respect to changes to the loan and loan servicing, Plaintiff generally alleges that she was not notified about changes to the loan or its servicing. Amended Complaint (Document No. 31, ¶ 22-24). Plaintiff alleges she "received a phone call" from "a person alleging to be working for Bayview," who indicated that she "needed to pay over eight thousand dollars" to "cure the arrears in my loan." Plaintiff alleges that she agreed that, if Bayview sent documentation showing it was "entitled to act as servicer of my loan," she would make the payment. Amended Complaint (Document No. 31, ¶ 25-26). She further

---

[1] Plaintiff alleges that she executed a Note and Deed of Trust in the amount of $38,980.00 to Countrywide Bank, N.A. Amended Complaint (Document No. 31, ¶ 18). The second loan is not the subject of the instant foreclosure action.

alleges that she wired, through Western Union, to Bayview $8,396.97, on or about October 12, 2016, but sent no further funds to Bayview because she had not "received any documentation from Bayview stating or showing its connection to the subject loan transaction." Amended Complaint (Document No. 21, ¶ 27-28).  Plaintiff further alleges that on or about January 29, 2018, she received "Notice of Maturity/Acceleration of Texas Recourse Loan and Enclosing Notice of Substitute Trustee Sale" indicating that "Bayview was the servicer for BNY Mellon" and that the Substitute Trustee would sell the Property on March 6, 2018.   Plaintiff alleges that the "Substitute Trustee Deed" shows that the Property was sold  by the Substitute Trustee to "BNY Mellon as Trustee for WALT Alternative Loan Trust 2007-4CB for $140,000.00 on March 6, 2018." Amended Complaint (Document No.31, ¶ 29-32).  Plaintiff's Amended Complaint purports to  allege claims challenging the assignment of the Deed of Trust and Note, fraud, and adverse possession Amended Complaint (Document No. 31, p. 6- 12).  Plaintiff seeks actual, nominal and exemplary damages.  Amended Complaint (Document No. 31, at 13).  Defendants Bayview and MERS have each moved to dismiss Plaintiff's Amended Complaint.   Because Defendants' motions address similar grounds for dismissal, the undersigned will address them together.

II. Applicable law

Because Defendants have filed a Rule 12(b)(6) motion, the undersigned Magistrate Judge construes the complaint in favor of the Plaintiff and has accepted as true all well-pleaded facts. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007)).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  In addition, plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).  The Supreme Court has further held that plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 U.S. at 678-680. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 556 U.S. at 678.  Therefore, a Plaintiff must plead specific facts, not merely conclusory allegations to avoid dismissal.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A court is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Court may consider any documents attached to the complaint and any documents attached to a motion to dismiss that are central to the claim referenced by the complaint.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  Also, the court may take judicial notice of matters of public record.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  The Magistrate Judge has, therefore, considered the documents attached to Defendant Bayview's Motion (Document No. 32, Exhibits A-C); to Defendant MERS' Motion to

Dismiss (Document No. 35, Exhibits A-C); and to Plaintiff's Response. (Document No. 36). The undersigned has also taken judicial notice of matters contained in public records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

III. The Relevant Documents

Plaintiff obtained a loan from America's Wholesale Lender to purchase the Property. On or about February 15, 2007, Plaintiff executed a promissory note in the amount of $155,920.00 and a Deed of Trust. (Exhibit A to Document Nos. 32 & 35). The Deed of Trust names MERS as the beneficiary as nominee for America's Wholesale Lender and its successors and assigns. The Security Instrument was filed in the Official Public Records of Harris County, Texas as Instrument No. 20070111903 on February 22, 2007. In September 2012, MERS assigned the Deed of Trust to the Bank of New York Mellon FKA The Bank of New York, as Trustee (WALT 2007-4CB). (Exhibit B to Document Nos. 32 & 35). The Assignment was filed in the Official Public Records of Harris County, Texas on September 18, 2012 as Instrument No. 20120429876. The Substitute Trustee's Deed of Sale shows that the Property was bought by The Bank of New York Mellon FKA The Bank of New York, as Trustee (WALT 2007-4CB) on March 6, 2018. (Exhibit C to Document Nos. 32 & 35). The Substitute Trustee's Deed was filed in the Official Public Records of Harris County, Texas as Instrument No. RP-2018-165062.

IV. Discussion

Defendants move to dismiss Plaintiff's claims relating to the Deed of Trust and Assignment because such claims fail as a matter of law. The Magistrate Judge agrees.

Plaintiff alleges, in pertinent part, that the Deed of Trust is a "legal nullity" because America's Wholesale Lender, "never existed and therefore could not have contracted with Plaintiff

5

concerning the subject property." Amended Complaint (Document No. 31, ¶ 34-39). In *Sparks v. The Bank of New York Mellon*, No. H-14-813, 2015 WL 4093944 at * 3 (S.D.Tex. July 7, 2015), the plaintiff similarly argued that the original lender and payee on the Note, America's Wholesale Lender never existed, and therefore the Note was void and could not be assigned. The Court rejected this argument, writing: [T]he Court takes judicial notice that the entity known as American's Wholesale Lender has been a party to other litigation in this Court, and the Court previously observed that 'America's Wholesale Lender is the trade name for Countrywide Home Loans.'" *Id.* (quoting *Benitez v. America's Wholesale Lender,* No. Civ.A.H-14-953, 2014 WL 3388650, at *1 n.3 (S.D.Tex. July 9, 2014)(Werlein, J)); *and see Ostberg v. Bank of Am., N.A.*, No. 05-17-00255-CV, 2018 WL 2749695, at *3 & n. 3 (Tex. App.-- Dallas May 31, 2018, pet. denied)(rejecting claim that America's Wholesale Lender did not exist because "New York  Corporation Countrywide Homes Loans, Inc., existed in 2005 and was entitled to use the name America's Wholesale Lender when it transacted business in Texas.). Thus Plaintiff's claim fails as a matter of law.

As for Plaintiff's claim that the Deed of Trust did not provide for MERS to assign the mortgage, and therefore any assignment is void, the Fifth Circuit has ruled otherwise. The Fifth Circuit has "repeatedly upheld MERS assignment of mortgages to other entities" because, under Texas law, MERS "qualifies as a mortgagee." *Van Dozer v. U.S. Bank Nat'l Ass'n,* 582 Fed. Appx 279, 282 (5th Cir. 2014)(citing *Martins v. Bac Home Loans Servicing, LP*, 722 F.3d  249, 255 (5th Cir. 2013). Under Texas law, either a mortgagee or a mortgage servicer may foreclose on a property. *Martins,* 722 F.3d at 255. A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument. Tex.Prop.Code § 51.0001(3). There is no additional requirement that the mortgagee or mortgage

servicer also be the owner or holder of the mortgage note." *Martins*, 722 F.3d at 254; *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F.Appx. 354, 356 (5th Cir. 2013 ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house without holding the note."); *Reece v. U.S. Nat'l Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014)("Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."); *Bellforest Trust v. U.S. Bank, Nat'l Ass'n for JP ALT 2006-S1*, No. 4:17-CV-1586, 2018 WL 706467, at *2 (S.D.Tex. Feb. 5, 2018).

As for Plaintiff's allegations that the Assignment is "fraudulent" and a "legal nullity" because it allegedly violated the terms of the Pooling and Servicing Agreement and/or other Governing Agreements, and because it was executed by Raymond Marquez, who allegedly was not an authorized signer of America's Wholesale Lender or MERS, Plaintiff's claims fail as a matter of law. "[T]he law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor..." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 224 (5th Cir. 2013)(internal quotations omitted)(concluding that the plaintiffs' allegations that an assignment was void because the person who executed the assignment lacked authority and the signature on the documents was a "forgery" did not give them standing to challenge the assignment because, under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal."). Put simply, "Texas courts follow the majority rule that the obligor may defend on any ground which renders the assignment

7

void." *Id.*  Here, Plaintiff's allegations based on the lack of authority of Raymond Marquez would render the assignment voidable under *Reinagel*, and as such, Plaintiff does not have standing to challenge the assignment. *See also Van Dozer v. U.S. Bank Nat'l Assoc.*, No. H-13-1398, 995 F.Supp.2d 673, 2014 WL 357878, at *8 (S.D. Tex. Jan. 31, 2014)(finding plaintiffs' challenge of the signer's lack of authority would render the assignment voidable and did not furnish plaintiffs with a basis to challenge the assignment).  Even though the Substitute Trustee was not the lender that entered into the original loan with Plaintiff, the associated Note and Deed of Trust was assigned to Substitute Trustee via the assignment from MERS.  Plaintiff has not alleged, and can not allege, given the unbroken chain of title, that she was a party to the Assignment, an agent or assignee of a party, or a third- party beneficiary of the Assignment.

Plaintiff, in Response to Defendants' Motion to Dismiss, appears to allege a claim that Defendants did not have authority to foreclose on the Property because they cannot show proof they hold both the note and deed of trust.  Because these new allegations were not included in Plaintiff's Amended Complaint, the allegations are not properly before the court. *See Schieroni v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H-10-663, 2011 WL 3652194, at *6 (S.D.Tex. Aug. 18, 2011)("[N]ew allegations cannot be raised in response to a motion to dismiss.").  And, even assuming the claims were properly before the Court, the Fifth Circuit has held that the "split-the-note" theory is invalid under Texas law "where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Martins,* 772 F.3d at 255; *Casterline v. One West Bank,* F.S.B., 537 Fed. Appx 314, 316-317 (5th Cir. 2013); *Morlock, L.L.C. v. Bank of NY*, 448 S.W.3d 514, 518 (Tex. App.–Houston [1st Dist.] 2014, pet. denied).

Plaintiff also alleges that Bayview "intentionally conspired to steal the property of Plaintiff

through fraudulent misrepresentation and concealment of facts it knew and/or should have known."
Amended Original Complaint (Document No. 31, p. 10).  Defendants argue that Plaintiff has not
alleged fraud with the necessary particularity required under Rule 9(b).  Defendants argue that
Plaintiff's Amended Complaint fails to specify what representation Bayview made that was allegedly
false, where this representation was made, who made the representation, or what Defendants
obtained by making the representation.  The Magistrate Judge agrees.

      Under Texas law, the elements of fraud are "(1) the defendant 'made a material
misrepresentation that was false'; (2) the defendant 'knew the representation was false or made it
recklessly as a positive assertion without any knowledge of its truth;' (3) the defendant intended to
induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied
upon the representation and suffered injury as a result." *JP Morgan Chase Bank, N.A. v. Orca Assets
G.P., L.L.C.,* 546 S.W.3d 648, 653 (Tex. 2018)(quoting *Ernst & Young, L.L.P. v. Pac. Mut Life Ins.
Co.* 51 S.W.3d 573, 577 (Tex. 2001))*; Massey v. EMC Mortg. Corp.* 546 Fed. Appx. 477, 481 (5th
Cir. 2013); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008)("[S]imple allegations
that defendants possess fraudulent intent will not satisfy Rule 9(b). . . [because] the plaintiffs must
set forth specific facts supporting an inference of fraud[,] . . . such as identifying] circumstances that
indicate conscious behavior on the part of the defendants.")(citations omitted). Rule 9(b) requires
the complaint to "state with particularity the circumstances constituting the fraud." Fed.R.Civ.P.
9(b).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."
*Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)(quoting
*Williams v. WMX Tech. Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

Here, Plaintiff's Amended Complaint is short on facts.   Even construing the Amended Complaint's facts in the light most favorable to Plaintiff, she has provided no details, much less specific details, about any of the misrepresentations and omissions that are the basis of her fraud claim.  Plaintiff has not pleaded the who, when, where, and how that is required by Fed.R.Civ.P. 9(b). Plaintiff's wholly conclusory allegations regarding fraud fail to satisfy the particularity required by Fed.R.Civ.P. 9(b), and fail to meet the plausibility requirement of *Twombly* and *Iqbal*. Therefore, Plaintiff has failed to state a plausible claim under Fed.R.Civ.P. 12(b)(6) and 9(b) for fraud.[2]

Plaintiff also alleges a claim for adverse possession.  She alleges in pertinent part:

> 57. Plaintiff has been in continuous and peaceful possession of the subject property which I acquired in a good faith financial transaction only to be defrauded, by unscrupulous and clandestine means, by parties who have no right, title, or interest in said property (neither legal nor equitable), since February of 2007.

> 58.   Based on the foregoing Plaintiff claims the right of ownership of the subject property by adverse possession.  Amended Complaint (Document No. 31, p. 11.

Defendants move for dismissal of Plaintiff's adverse possession claim, arguing that Plaintiff has failed to show hostile possession for a sufficient period of time to establish her claim.   The Magistrate Judge agrees.

Under Texas law, "adverse possession" means "an actual and visible appropriate of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person" for the duration of the statutory period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(a); *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).  Because "the

---

[2] Because Plaintiff's fraud claim is subject to dismissal under Fed.R.Civ.P. 9(b) and 12(b)(6), the Court need not address Defendants' alternative argument that Plaintiff's fraud claim is barred by the economic-loss rule.

doctrine of adverse possession is based on statutes of limitation for the recovery of real property .

. . the rightful owner of the property must institute suit within a specific period of time (three, five, ten or twenty-five years depending on various statutory facts and conditions) or subsequently be barred from recovery." *Wells v. Johnson*, 443 S.W.3d 479, 488 (Tex. App.–Amarillo 2014, pet. denied). "The law is well-settled in Texas that, for adverse possession purposes, the statute of limitations does not run against the mortgagee out of possession and in favor of an adverse claimant until the mortgagee acquires title to land at the foreclosure sale." *Tex. Capital Bank, N.A. v. Hoppe*, No. 14-98-00621-CV, 2000 WL 1125425, at *2 (Tex. App.–Houston [14th Dist.] Aug. 10, 2000, pet. denied)(citing *Warnecke v. Broad*, 161 S.W.2d 453 (1942)). Here, as argued by Defendants, the date of the Substitute Trustee's sale is the operative date for determining Plaintiff's adverse possession claim and not 2007 as alleged by Plaintiff. Until the foreclosure sale, Plaintiff's possession of the Property was consistent with the interests claimed under the Note and Deed of Trust.  Thus the earliest date that Plaintiff's possession of the Property was hostile to the rights of others was the date of foreclosure or March 6, 2018.  Because Plaintiff has failed to show hostile possession for a sufficient period of time to establish a plausible claim for adverse possession, her claim fails.

Further, to the extent that Plaintiff seeks rescission of the foreclosure sale or any other equitable remedy, Defendants argue that Plaintiff's claim for rescission fails because she has not tendered the full amount due on the note. The Magistrate agrees.

Under Texas law, to be entitled to have a foreclosure sale set aside, a plaintiff must actually tender, not just offer to tender, the full amount owed on the note. *See Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.-Fort Worth 1999, pet. denied)(dismissing plaintiff's claim for rescission where plaintiff "offered to tender 'all amounts due and owing' under the note

and deed of trust" because "he never tendered these amounts to the court"); *Willoughby v. Jones*, 251 S.W.2d 508, 509-10(Tex. 1952)(holding that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale). Because Plaintiff has not alleged that she tendered the sum owed on the mortgage debt, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff also seeks a determination of the rights, status or legal relations existing between the parties with regard to the Property. (Original Complaint, Document 1-4, p. 8). Defendants seek dismissal of this claim on the basis that such a claim cannot survive when all the substantive claims have been dismissed. Under Texas law, a declaratory-judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, Tex.Civ.Prac.& Rem.Code Ann. § 37.001 et. seq. (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996)(citing the Texas Uniform Declaratory Judgments Act). The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir..2015). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *See Ayers v. Aurora Loan Serv., L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D.Tex. 2011)(dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, *3 (N.D.Tex. Nov. 28, 2011)(where Plaintiff failed to state a claim for trespass and to quiet

title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, *4(N.D.Tex. Mar. 12, 2012)(dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").   Because, as discussed above, Plaintiff's substantive claims should be dismissed, her claim for declaratory relief should also be dismissed.

V. Amendment

Under Fed.R.Civ.P. 15(a)(2), leave to amend should be freely given "when justice so requires."   When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, the record supports not allowing amendment.   Plaintiff has filed an Amended Complaint.   Even if Plaintiff were allowed to amend for a second time, there is nothing in the record to indicate that Plaintiff could state a plausible claim against Defendants.   Plaintiff's claims should be dismissed without leave to file an amended pleading.

VI.  Conclusion and Recommendation

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 32 & 35) be GRANTED; that Plaintiff's Amended Complaint be DISMISSED under Rule 12(b)(6); and that Defendants' Motion to Abate Proceedings (Document No. 45) be DENIED as MOOT.

13

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.   Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal.   *Douglass v. United Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 17ᵗʰ day of _June_ , 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

14